```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

TRUSTEES OF THE ELEVATOR
CONSTRUCTORS UNION LOCAL NO. 1              ORDER ADOPTING REPORT
ANNUITY AND 401(k) FUND, and                AND RECOMMENDATION
TRUSTEES OF THE ELEVATOR
CONSTRUCTORS UNION LOCAL NO. 1
EDUCATION AND APPRENTICE TRAINING           16-cv-239 (KAM)(LB)
FUND,
                        Plaintiffs,

    -against-

KEYSTONE IRON & WIRE WORKS, INC.,

                        Defendant.

----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On January 15, 2016, plaintiffs Trustees of the Elevator Constructors Union Local No. 1 Annuity and 401(k) Fund (the "Annuity Fund"), and Trustees of the Elevator Constructors Union Local No. 1 Education and Apprentice Training Fund (the "Education Fund") (collectively, the "Funds" or "plaintiffs"), commenced this action against defendant Keystone Iron & Wire Works, Inc. ("defendant"). (*See* ECF No. 1, Complaint, dated 1/15/2016.) Plaintiffs filed an Amended Complaint on May 24, 2016. (*See* ECF No. 10, Amended Complaint ("Am. Compl."), dated 5/24/2016.) Plaintiffs allege that defendant failed to make contributions to the Funds between January 2016 and April 2016, as required by a collective bargaining agreement, and seek to recover delinquent

contributions pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Am. Compl. at ¶ 1.)

On February 16, 2016, plaintiffs requested a certificate of default against defendant, on the basis that defendant failed to plead or otherwise defend in the instant action. (ECF Nos. 6-7, Requests for Certificate of Default, dated 2/16/2016.) Default was entered against defendant on February 17, 2016. (ECF No. 8, Entry of Default, dated 2/17/2016.) Plaintiffs filed an amended complaint on May 24, 2016. (ECF No. 10, Am. Compl.) On June 29, 2016, after defendant again failed to timely respond to the Amended Complaint, plaintiffs requested a certificate of default (ECF No. 12, Request for Default, dated 6/29/2016), and default was entered against defendant on July 18, 2016. (ECF No. 13, Entry of Default, dated 7/18/2016.) Plaintiffs moved for entry of default judgment against defendant on July 19, 2016, seeking default judgment, damages, attorneys' fees and costs. (ECF No. 14, Motion for Default Judgment.)

On October 7, 2016, the court referred plaintiff's motion for default judgment to Magistrate Judge Lois Bloom for a

Report and Recommendation ("R&R"). (*See* Order Referring Motion, dated 10/7/2016.) On December 13, 2016, Judge Bloom ordered plaintiffs to supplement their motion with supporting affidavits and documentation regarding defendant's liability and the basis for calculating the damages sought. (*See* ECF No. 17, Scheduling Order, dated 12/13/2016.) Plaintiffs filed a supplemental memorandum of law supported by supplemental affidavits and documents on December 28, 2016. (*See* ECF No. 18, Affidavit/Declaration in Support re Motion for Default Judgment; ECF No. 19, Affidavit/Declaration in Support re Motion for Default Judgment; ECF No. 20, Memorandum in Support re Motion for Default Judgment.)

On January 30, 2017, Judge Bloom issued an R&R, in which she recommended that plaintiffs be awarded judgment against defendant in the total amount of $31,501.26, comprised of $21,862.89 in unpaid contributions, $2,007.92 in interest on the unpaid contributions to the Annuity Fund, $4,323.57 in liquidated damages, $2,763.00 in attorneys' fees, and $543.88 in costs, plus $7.03 in daily interest on the unpaid contributions to the Annuity Fund from January 31, 2017 through the date that judgment is entered. (ECF No. 21, Report and Recommendation ("R&R"), dated 1/30/2017, at 17.)

The R&R, which was served on defendant by certified mail on February 1, 2017 (ECF No. 22, Affidavit of Service for Report and Recommendation, dated 2/2/2017), notified the parties of the right to file written objections, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (R&R at 17.) To date, defendant has not answered or otherwise responded to the Amended Complaint, nor did defendant respond to the instant motion or object to the R&R, despite having been served. The statutory period for filing objections has now expired.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where "no or merely perfunctory objections" to the Report and Recommendation have been filed, however, the district court reviews for clear error. *Caires v. Jp Morgan Chase Bank N.A.*, No. 16-cv-2694, 2017 WL 384696, at *1 (S.D.N.Y. January 27, 2017). The district court is permitted "to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." *S.E.C. v. Nadel*, No. 11-cv-215, 2016 WL 4718188, at *2 (E.D.N.Y. September 9, 2016) (citations omitted).

Upon a review of the Report and Recommendation, and

considering that the parties have failed to object to any of Judge Bloom's thorough and well-reasoned recommendations, the court finds no clear error in the R&R and hereby affirms and adopts the R&R in its entirety.

Accordingly, plaintiffs' motion for default judgment is granted, and judgment shall be entered against defendant for a total of $31,923.06, comprised of: $21,862.89 in unpaid contributions; $2,007.92 in interest on the unpaid contributions to the Annuity Fund; $4,323.57 in liquidated damages; $2,763.00 in attorneys' fees; $543.88 in costs; and an additional $421.80 in interest at the per diem rate of $7.03, on the unpaid contributions to the Annuity Fund from January 31, 2017 to the date of judgment.[1] The clerk of court is respectfully requested to enter judgment in favor of plaintiffs and close this case.

**SO ORDERED.**

Dated:   March 31, 2017
         Brooklyn, New York

                                                  /s/
                                        Kiyo A. Matsumoto
                                        United States District Judge

---

[1] The court's calculation of additional interest begins on January 31, 2017, the next date after Judge Bloom's R&R, which calculated interest through January 30, 2017. (*See* R&R at 17.)